[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

No. 11-12858
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03134-ODE

DOROTHEA CORNELIUS,

Plaintiff - Appellant,

versus

WELLS FARGO BANK, N.A.,
as Trustee for Carrington Mortgage Loan Trust Series
2006-NC1 Asset-Backed Pass Through Certificates,
MCCURDY & CANDLER, LLC,
MCCURDY & CANDLER BANKRUPTCY LLC,
ANTHONY DEMARLO,
JOHN DOES 1-10,
jointly and individually, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 29, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Dorothea Cornelius filed this action asserting numerous claims based upon the imminent foreclosure sale of her property. She appeals the dismissal of her complaint for failure to state a claim. Wells Fargo Bank, N.A., has filed a motion for sanctions under Federal Rule of Appellate Procedure 38 or 28 U.S.C. § 1927 (or both), on the basis that Cornelius's appeal is utterly meritless and has vexatiously multiplied these proceedings. We affirm the district court's dismissal of Cornelius's complaint and deny Wells Fargo's motion.

I.

Cornelius filed her complaint initially in the Superior Court of Fulton County. After the case was removed to federal court, all of the named defendants filed motions to dismiss, which were referred to a magistrate judge. Among the arguments asserted in those motions was that Cornelius's complaint was an impermissible shotgun complaint.

Cornelius then filed an amended complaint without the leave of court or permission required by Federal Rule of Civil Procedure 15(a)(2). But the magistrate judge, after considering the amended complaint, found that it did not cure the deficiencies identified in the motions to dismiss and recommended dismissal of her

2

complaint, among other reasons, as a shotgun pleading. Although Cornelius filed what the district court construed as objections to the magistrate judge's report, recommendation, and order, she did not dispute that conclusion and the district court, finding no reason to disagree, adopted the recommendation as one of several alternative bases for dismissal.

## II.

This court has consistently held that issues not raised on appeal are deemed abandoned. *Ivy v. Ford Motor Co.*, 646 F.3d 769, 773 (11th Cir. 2011). Cornelius did not object to the magistrate judge's recommendation that her complaint be dismissed as a shotgun pleading, and the district court adopted that recommendation. Likewise, on appeal, Cornelius has marshaled no argument challenging the district court's description of her complaint as a shotgun pleading or its dismissal of her complaint on that basis. *See, e.g.*, *Byrne v. Nezhat*, 261 F.3d 1075, 1129-34 (11th Cir. 2001) (discussing shotgun pleadings and approving of dismissal as a remedy when a party fails to cure the deficiency). We need not address Cornelius's arguments regarding the district court's alternative reasons for dismissal. Rather, we affirm the dismissal of Cornelius's complaint as a shotgun complaint because Cornelius has abandoned any contention to the contrary.

## III.

Wells Fargo has moved for sanctions, contending that Cornelius's appeal is patently frivolous and that she has vexatiously pursued this appeal even though its frivolity was made apparent in both the district court's order and magistrate judge's report and recommendation. Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it *may . . .* award just damages and single or double costs to the appellee.") (emphasis supplied). Although we agree that Cornelius's contentions are meritless, there is no indication in the record that her appeal, though ill-conceived, was pursued merely for the purpose of harassment or delay or with any subjectively vexatious intent. *E.g.*, *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("Bad faith is the touchstone" of an award under 28 U.S.C. § 1927). We, therefore, decline to impose sanctions.

IV.

For the foregoing reasons, Wells Fargo's motion for sanctions is **DENIED** and the judgment of the district court is **AFFIRMED**.